# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DARRIN J. GIVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-146 SRC |
| | ) | |
| CORIZON MEDICAL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Darrin J. Givens, an inmate at Eastern Reception, Diagnostic and Correctional Center (ERDCC), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $97.30. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $486.53. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $97.30.

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within

2

the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, an inmate at Eastern Reception, Diagnostic and Correctional Center (ERDCC), filed the instant complaint pursuant to 42 U.S.C. § 1983 against Corizon Medical.[1]

Plaintiff asserts that "during the day" between the dates of August 21, 2020 and September 4, 2020, he was isolated under quarantine due to the Coronavirus. Plaintiff complains that he was placed under quarantine even though he never actually tested positive for Covid-19. Plaintiff states that during this approximate two-week time, he was "at the mercy" of the Corizon staff at ERDCC.

Plaintiff states that unnamed Corizon staff failed to provide him his medication six different times during his two-week stay in quarantine. Plaintiff refers to the failure to provide him with his medication as "malpractice." Plaintiff, however, does not provide information as to the disease he was taking medication for, nor does he name the medications that Corizon Medical Staff allegedly failed to provide him on the six separate occasions. He merely states that he was taking "phys. meds and chronic care meds." Plaintiff also alleges, in a conclusory manner, that the failure to provide him with his medication could have put his life in danger, "to the point of possible death."

Plaintiff seeks monetary damages in this lawsuit.

---

[1] Plaintiff identifies defendant "Corizon Medical" as "the medical provider for Missouri Department of Corrections."

3

**Discussion**

Plaintiff's allegations fail to state a claim against defendant Corizon Medical under the Eighth Amendment.

The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs. *Luckert v. Dodge Cty.*, 684 F.3d 808, 817 (8th Cir. 2012). To survive initial review, a plaintiff must plead facts sufficient to state a plausible claim for deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. Nor will a prisoner's "mere disagreement with treatment decisions" support a claim of deliberate indifference to a prisoner's serious medical needs. *Jones v. Minnesota Dep't of Corr.*, 512 F.3d 478, 482 (8th Cir. 2008).

Instead, a prisoner must allege that he suffered objectively serious medical needs and that defendants knew of, but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). A "serious medical need" is "one that has been diagnosed by a physician requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011). A prisoner may show deliberate indifference through an intentional delay in or denial of access to medical care. *Estelle,* 429 U.S. at 104-05.

When a delay in treatment is alleged to have violated an inmate's constitutional rights, a court measures the objective severity of the deprivation "by reference to the *effect* of the delay in treatment." *Jackson v. Riebold*, 815 F.3d 1114, 1119 (8th Cir. 2016) (internal quotation marks omitted) (quoting *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005)). To support a claim

4

based on a delay in treatment, a plaintiff must present "verifying medical evidence" showing that the delay in treatment had detrimental effects. *Id.* at 1120. *See also Holden*, 663 F.3d at 342 ("[a] prisoner alleging a delay in treatment must present verifying medical evidence that . . . [the] delays adversely affected his prognosis"); *Spann v. Roper*, 453 F.3d 1007, 1008-09 (8th Cir. 2006) (per curiam) (remanding after concluding it was "incongruous" that the district court denied the prisoner plaintiff's "motion for an expert witness and then granted summary judgment in part based on [the prisoner plaintiff's] failure to provide verifying medical evidence that the delay [in medical treatment] had detrimental effects"); *accord Alberson v. Norris*, 458 F.3d 762, 765-66 (8th Cir. 2006) ("Where the complaint involves treatment of a prisoner's sophisticated medical condition, expert testimony is required to show proof of causation").

Plaintiff is unable to set forth a claim against Corizon Medical. As noted above, plaintiff has failed to allege that he suffered from a serious medical need and that defendant Corizon Medical knew of, but deliberately disregarded those needs. Plaintiff has failed to identify the disease from which he was allegedly suffering from or even the medications which he had been prescribed by a medical provider. His failure to do so negates a deliberate indifference claim under the Eighth Amendment. *See Dulany v. Carnahan*, 132 F.3d at 1239.

Additionally, plaintiff purports that the unnamed medical staff's failure to provide his medication was nothing more than "malpractice," or negligence. Allegations of mere negligence in giving or failing to supply medical treatment are not actionable under 42 U.S.C. § 1983. *Estelle*, 429 U.S. at 106.

Last, plaintiff has not identified which of the employees purportedly denied him his medicine during the two-week period, or even failed to fix the mistake once he complained. To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or

5

directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Furthermore, it is well established that a private corporation will only be held liable under § 1983 for its own unconstitutional policies – and will not be liable under the doctrine of *respondeat superior* for the actions of its employee. *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). To state a claim against Corizon Medical, plaintiff must allege that a policy or custom of Corizon Medical inflicted injury actionable under § 1983. *Id. (*citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978)). Plaintiff has failed to allege that a policy or custom of Corizon Medical resulted in the denial of his medication on six separate occasions while he was in quarantine during a two-week period at the end of August 2020. As such, the Court finds that his claims against Corizon Medical are subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $97.30 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 7th day of September, 2021.

                                                  */s/ SLR. CR*

                                          STEPHEN R. CLARK
                                          UNITED STATES DISTRICT JUDGE